UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA T. MARKER,<br><br>  Plaintiff,<br><br>v.<br><br>DR. MIGEL CARDONA,<br><br>  Defendant. | Case No. 3:23-cv-05873-JSC<br><br>**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

Tania T. Marker, representing herself, filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, alleging Dr. Migel Cardona, the Secretary of Education, failed to comply with FOIA requirements. Having granted Ms. Marker's application to proceed in forma pauperis, (Dkt. No. 4), the Court now screens the complaint pursuant to 28 U.S.C. § 1915. The Court DISMISSES Plaintiff's complaint, as Dr. Migel Cardona is not a proper defendant for Plaintiff's claims. Additionally, Plaintiff failed to allege sufficient facts to support her claims. The Court grants Plaintiff leave to amend the complaint and submit a new complaint on or before December 15, 2023.

**BACKGROUND**

Ms. Marker submitted a FOIA request to Defendant on February 4, 2022, seeking "[a]ll records related to federal or federal guaranteed student loans, . . . Applications and payment histories, all FAFSA's completed in Plaintiff's name, records of all consolidations, records of any Ombudsman disputes and their outcomes." (Dkt. No. 1 ¶ 7.) On August 12, 2022, Plaintiff appealed the absence of response. (Id. ¶ 8.) On August 15, 2022, Defendant "emailed the response to someone from whom it was inaccessible," and then "emailed Plaintiff a letter in the response, failing to explain what remained would be physically mailed on a CD-R which was received on September 6, 2022 and for which home technology disallowed access." (Id. ¶ 9.) Plaintiff appealed the response on October 11, 2022. (Id. ¶ 10.) According to the complaint,

"Defendant stated no withholding or exemption applied while providing no explanation as to why all requested documents were not furnished. (Id. ¶ 11.)

Plaintiff brings three counts, all alleging violations of FOIA under 5 U.S.C. § 552: (1) Failure to conduct an adequate search of responsive records, (2) wrongful withholding of non-exempt responsive records, and (3) failure to meet the statutory time limit. (Id.)

## LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court has a continuing duty to screen any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Moreover, "bare assertions" are "not entitled to an assumption of truth" because "they do nothing more than state a legal conclusion." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). So, to state a claim, Plaintiff's complaint "require[s] well-pleaded facts, not legal conclusions . . . that plausibly give rise to an entitlement to relief." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citations and quotations omitted).

When the complaint has been filed by a plaintiff without the aid of counsel, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**I.    DR. MIGEL CARDONA IS NOT THE PROPER DEFENDANT**

"[I]ndividual officials are not proper defendants in a FOIA action." *Yagman v. Pompeo*, 868 F.3d 1075, 1078 n.1 (9th Cir. 2017) (citing *Drake v. Obama*, 664 F.3d 774, 785–86 (9th Cir. 2011)). So, the Court DISMISSES Plaintiff's claims against Dr. Migel Cardona, as he is an "individual officer." Plaintiff is instructed that she should sue the agency, not any individual member of that agency, if she is seeking to bring a FOIA claim.

## II. MERTS OF PLAINTIFF'S FOIA CLAIM

"FOIA requires federal agencies to disclose information to the public upon request." *Aguirre v. United States Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021) (citing 5 U.S.C. § 552(a)(3)(A)). "When an agency receives such a request, it has twenty working days to decide whether to comply and inform the requestor of its decision." *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(i)). "A requestor dissatisfied with an agency's response can challenge it in court but must first exhaust available administrative remedies, including an appeal within the agency." *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(i)–(ii), (C)(i)). Exhaustion is required even if the agency responds late, so long as the agency properly responds before suit is filed. *Id.* at 726.

Plaintiff has not pled that she has exhausted administrative remedies. Plaintiff pleads she "appealed the absence of a response," but does not plead what Defendant's response was to that appeal, or otherwise describe how she appealed the response. (Dkt. No. 1 ¶¶ 8, 10.) Later on, Plaintiff pleads "Plaintiff has exhausted its administrative appeal remedy." (Id. ¶ 19.) However, Plaintiff does not plead any facts about the administrative appeal process. The Court advises Plaintiff to include more details about her administrative appeals process, and the outcome of that process, in any future complaint.

Further, Plaintiff's complaint is vague as to what information she believes is missing from the agency's response. Plaintiff pleads "Defendant then emailed Plaintiff a letter in response, failing to explain what remained would be physically mailed on a CD-R which was received September 6, 2022, and for which home technology disallowed access." (Dkt. No. 1 ¶ 9.) An agency responding to a FOIA request "shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B); see also *TPS, Inc. v. U.S. Dep't of Def.*, 330 F.3d 1191, 1195 (9th Cir. 2003) ("The

[FOIA] statute, on its face, requires that the agency satisfy a FOIA request when it has the capability to readily reproduce documents in the requested format."). However, Plaintiff does not state whether she requested the data in any particular format—for example, if she requested the data via an email as opposed to a CD-ROM. The Court advises Plaintiff to provide more information about how she requested this information and her response to receiving the CD-ROM in any future complaint.

## LEAVE TO AMEND

Because Plaintiff could plead facts necessary to state a claim in an amended complaint, Plaintiff may file an amended complaint. Any amended complaint must be filed on or before December 15, 2023. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (holding if the court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts"). If Plaintiff does not file an amended complaint by that date, the action will be dismissed with prejudice.

As Plaintiff is proceeding without representation by a lawyer, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information on the Court's website located at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff may also contact the Legal Help Center for free assistance; she can make an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

## CONCLUSION

For the reasons stated above, the Court DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND. Plaintiff may file an amended complaint on or before **December 15, 2023**. If Plaintiff does not file any amended complaint by that date, the action will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: November 16, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

4