Tania T. Marker

180 Murietta

Pittsburg, CA 94565

1(925) 329-2297

tteresem@gmail.com

Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Tania T. Marker | ) Case No.: 3:23-cv-05873-JSC |
| | ) |
| Plaintiff, | ) **AMENDED COMPLAINT** |
| | ) |
| vs. | ) |
| United States Department of Education | ) NO DEMAND FOR JURY TRIAL |
| Defendant. | ) |

- 1 -
**COMPLAINT**

**PARTIES**

Plaintiff.

Tania T. Marker

180 Murietta

Pittsburg, CA 94565

1(925) 329-2297


Defendant.

United States Department of Education

400 Maryland Avenue, S.W.,

Washington, DC 20202

1(800) 872-5327

**INTRODUCTION**

1. Plaintiff Tania T. Marker ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. Seq.*, by U.S. Department of Education ("Defendant") in failing to conduct an adequate search for responsive records so as to provide Plaintiff with all non-exempt records pursuant to her February 4, 2022 FOIA request and October 11, 2023 appeal submitted to this federal agency, seeking copies of all records related to federal or federal guaranteed student loans including but not limited to: information related to all FFEL and Direct Loans, applications and payment histories, all FAFSA's completed in Plaintiff's name, records of all consolidations, records of any Ombudsman disputes and their outcomes. This lawsuit requests an order declaring that Defendant has violated FOIA, enjoining Defendant to conduct an adequate search, and the issuance of a *Vaughn* Index explaining any further withholdings.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391 (e).

**PARTIES**

4. Plaintiff, Tania T. Marker, is an individual that, at all times relevant herein, has resided in Pittsburg, California.

5. Defendant U.S. Department of Education is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

**INTRADISTRICT ASSIGNMENT**

6. Plaintiff resides in Contra Costa County, in the Northern District of California.

**STATUTORY FRAMEWORK**

7. FOIA's fundamental purpose is to ensure governmental transparency by establishing the public's right to access federal agency records and imposing firm deadlines for releasing records in response to FOIA requests. 5 U.S.C. §§ 552(a)(3)(A), (6)(A). FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describe the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

8. Upon receipt of a request, FOIA requires agencies to issue a "determination" within 20 workdays, absent unusual circumstances, and to make requested records "promptly available" thereafter. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B). FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such requests, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(iii). FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) – (iii). *See* U.S.C. § 552(a)(6)(C). Failure to provide a timely determination in response to a FOIA request and/or appeal is a violation of FOIA.

9. FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request" for requests that require "longer than ten days to process." 5 U.S.C. § 552(a)(7).

10. FOIA requires federal agencies to conduct a search reasonably calculated to uncover all relevant documents. An agency must consider leads and other positive indications that suggest other records might be located outside the scope of its original search.

11. In limited circumstances, responsive records may be deemed exempt from FOIA's broad disclosure mandate, but only where the information fits within nine categories of statutory

exemptions. 5 U.S.C. § 552(b). Exemptions are narrowly construed in light of FOIA's prevailing objective of disclosure.

12. Under FOIA, federal agencies bear the burden of providing that withholding of responsive records properly sustains its actions. 5 U.S.C. § 552(a)(4)(B).

13. FOIA also requires an agency to make a showing of foreseeable harm that connects the information in withheld records to a harm recognized by the purposes of the specific exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

14. FOIA requires that agencies release reasonably segregable portions of requested records that are not lawfully exempt. 5 U.S.C. § 552(b)(9).

15. FOIA provides that when a requestor has not been provided with records within the statutory timeframe, the agency has constructively denied the request. Requestors are deemed to have exhausted any administrative remedies and may seek judicial redress from the Federal District Court to enjoin the agency from withholding the records and order production of agency records improperly withheld. 5 U.S.C. § 552(a)(6)(C)(i). A FOIA requester may seek injunctive and declaratory relief from the court for an agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

16. In addition to the enumerated statutory remedies, the Court retains all inherent and equitable powers to remedy an agency's failure to comply with FOIA's mandate that, with some exemptions, "upon any request for records [agencies] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

**FACTUAL ALLEGATIONS**

17. On February 4, 2022, Plaintiff submitted a FOIA request to Defendant seeking

copies of all records related to federal or federal guaranteed student loans including but not limited to: information related to all FFEL and Direct Loans, applications and payment histories, all FAFSA's completed in Plaintiff's name, records of all consolidations, records of any Ombudsman disputes and their outcomes.

18. On August 12, 2022 Plaintiff appealed the absence of a response. On August 15, 2022 Defendant acknowledged Plaintiff's appeal to the absence of a response and researched the status of the PA request, stating tracking number 22-01307 was assigned to it, and that it was made by a representative from the Office of Congressman DeSaulnier. The Congressional Inquiry submitted clearly stated the request was made on behalf of Plaintiff, that Plaintiff is requesting, and to please let the representative know what information the agency is able to find or how the agency may be able to assist. Defendant stated of seeing that the final response was sent to the representative the morning of August 15, 2022, further stating - as a result of the closure of Plaintiff's PA request, an appeal would not be entered. Since Plaintiff was copied in the email making the request, it is unreasonable to not have also sent to Plaintiff the response sent to the representative. Emails from Plaintiff to the representative requesting the response were not returned. When calling the district office, the deputy director informed that the representative had left the office and the email was not accessible. All FOIA communication with Defendant occurred by email. Plaintiff stated a preference for only written communication. Plaintiff was not asked about any preferred format for receiving the request, and did not know to request any preferred format. On August 26, 2022, Plaintiff asked Defendant about willingness to provide the final response to Plaintiff, to which, within the agency, Defendant made the request for the final response to be sent to the requester. The Congressional Inquiry comprising the request included a form signed by Plaintiff further reasonably establishing Plaintiff as the requester. Defendant did not prepare Plaintiff for a format outside of email through which a final response would be received,

disallowing Plaintiff to prepare to look out for United States Postal Service mail delivery or the format of a CD-ROM, for which home technology disallowed access. The CD-ROM was received September 5, 2022. Postal delivery varies in time, often occurs after dark, and Plaintiff's home address is known (among other difficulties) to experience mail theft. On September 6, 2022, during one hundred fourteen degree heat, content from the CD-ROM was accessed through city library technology.

19.     On October 11, 2022, Plaintiff appealed the response. On October 13, 2022 Defendant acknowledged appeal and assigned tracking number 23-00004-A.  On November 15, 2022 Defendant informed the appeal remained with the originating program office where it was under review, and that the appeal process involves multiple reviews, explaining that when an appeal is received, it is sent to the original program office to revisit their initial determination that was made on the FOIA request and to address any arguments raised in the appeal submission. Defendant further stated that once the program office determination has been finalized, it is reviewed by Defendant's Office of the General Counsel for legal sufficiency, following which an appeal package is reviewed by Defendant's Chief FOIA Officer who, if satisfied, issues the appeal determination letter.  Defendant informed of processing appeals in a first-in/first-out basis and Federal Student Aid ("FSA") to be backlogged, 23 appeals taking precedence.  On December 15, 2022 Defendant informed of 21 appeals taking precedence. Plaintiff asked Defendant if any anticipated response date was present. Defendant responded to Plaintiff question only by stating FSA was being asked the question, an estimation of a response date was not provided. On January 19, 2023, Defendant informed of another search FSA conducted while awaiting results from a subject matter expert, with 21 appeals remaining ahead in queue. On January 24, 2022, Defendant informed of requested documents being delivered by the agency portal, PAL, where Plaintiff could not navigate to documents in. On January 25, 2023, to an individual having the domain of ains.com,

while copying Plaintiff, Defendant asked if agency was configured to deliver documents for appeals through PAL, followed by explaining to Plaintiff that Defendant was checking with the vendor about setup to deliver appeal documents through PAL. Navigation followed, the complete response was received first as a letter attached to an email from Defendant, then through portal download. Plaintiff apologizes to court for combining events regarding responses in the dismissed complaint. In effort to condense, the events were combined mistakenly, a letter from the complete response to the appeal that was entered was provided as an email attachment and download, and the response to the request prospectively generated when submitting an appeal which was not entered only became available following having been physically mailed as described above, and, once again, following having requested it become directly available yet no discussion of format occurred. Results from the complete response to the entered appeal once again failed to meet all of the request. While Defendant states nothing was withheld or exempt, no explanation as to why all requested documents were not furnished is provided, and no answer is provided to questions about how any rewording of the request might result in a search through which all requested documents would be located along with lawful justification for withholding.

20. Information which remains missing includes: applications, comprehensive payment histories also respecting substantial payments for which check stubs evidence as what Plaintiff furnished, FAFSA's completed in Plaintiff's name, comprehensive records of all consolidations, records of any Ombudsman disputes and their outcomes. Plaintiff has also asked Defendant how it was determined an order issued from the Consumer Financial Protection Bureau was one that didn't offer Plaintiff protection, yet another question Defendant has refused to answer outside of the assertion that Plaintiff's account was not included among those the order protected, and that the justice department only allowed for interest to be paid from a servicer (Plaintiff's account was transferred from and bureau order written toward, also to where substantial payments are evidenced) to the agency and does not remedy harm to the borrower, which the bureau order states

the agency couldn't know about actions from. Plaintiff strongly believes the agency knew wholeheartedly, and as such acted complicitly, yet what Plaintiff can do is seek court intervention which would hold the agency to account by way of FOIA allowances, and limitations.

21. As of the date of the filing of this action, Defendant has failed to (1) produce all requested records or (ii) explain why each and every requested record was not produced. Plaintiff has a right to know about and be lawfully protected from fraud. **"[T]he public has a substantial interest** in the integrity or **lack of integrity of those who serve them in public office."** *United States v. Smith, 776 F.2d 1104, 1114 (3d Cir. 1985)*. **"[A]n informed public is desirable, that access to information prevents governmental abuse** and helps secure freedom, and that, ultimately, **government must answer to its citizens."** *United States Department of Justice v. Reporters Committee for Freedom of The Press, 489 U.S. 749, 772-73 (1989).*

**CLAIMS FOR RELIEF**

22. Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

23. Plaintiff properly requested records within the Department's possession, custody, and control.

24. Defendant is an "agency" subject to FOIA (5 U.S.C. § 552(a)), and therefore must make reasonable efforts to search for requested records (5 U.S.C. § 552(f)(1)), release any non-exempt records in response to the request, and provide a lawfully justifiable reason explaining the withholding any material(s).

25. Defendant has failed to promptly review agency records for the purpose of locating all records that are responsive to the request.

26. Defendant has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her February 4, 2022 request and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to her FOIA request and appeal(s).

27. Plaintiff is and will continue to be directly and adversely affected and aggrieved by Defendant's failure to provide all non-exempt responsive records to her FOIA request as described above and will continue to be harmed unless Defendant is compelled and enjoined to uphold Plaintiff's right to this information as provided for by the FOIA.

28. Plaintiff has exhausted administrative appeal remedy. Defendant continues to violate FOIA by unlawfully withholding responsive records not made promptly available to Plaintiff. 5 U.S.C. § 552(a). Defendant's failure to respond within 20 business days violates FOIA.

29. Defendant continues to violate FOIA by failing to release segregable nonexempt portions of agency records. 5 U.S.C. § 552(a)(8)(A), (b). By failing to produce all documents responsive to the request, Defendant is wrongfully withholding non-exempt agency records as no justifiable reason to why all requested documents were not furnished is being provided.

30. Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to the request and provide an index lawfully justifying the withholding of any responsive record withheld under claim of exemption.

**PRAYER FOR RELIEF**

31. WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Defendant, providing the following relief:

32. Declare Defendant has violated FOIA by failing to provide Plaintiff with all non-exempt records and portions of records responsive to her February 4, 2022 request.

33. Declare Defendant has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's February 4, 2022 request.

1   34.     Direct by injunction that Defendant perform an adequate search and demonstrate having employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request, provide Plaintiff with all non-exempt responsive records to Plaintiff's February 4, 2022 request, order Defendant to produce, by a date certain, any and all non-exempt records responsive to request, provide a *Vaughn* index of any responsive record withheld under a lawfully justifiable claim of exemption, and enjoin the Defendant from continuing to withhold any and all non-exempt record(s) responsive to Plaintiff's FOIA request.

35.     Provide other such relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

36.     Plaintiff cannot demand a jury trial on any issue.

Respectfully submitted,

DATED: December 7, 2023

*/S/ Tania T. Marker*

TANIA T. MARKER

"I hearby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document."