UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA T. MARKER,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. Department of Education,<br><br>    Defendant. | Case No. 3:23-cv-05873-JSC<br><br>**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. § 1915 AND ORDERING SERVICE OF THE COMPLAINT**<br><br>Re: Dkt. No. 7 |

Tania T. Marker, representing herself, filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, alleging the U.S. Department of Education, the Secretary of Education, failed to comply with FOIA requirements. The Court granted Ms. Marker's application to proceed in forma pauperis, (Dkt. No. 4)[1], but dismissed her claim pursuant to 28 U.S.C. § 1915. (Dkt. No. 5.) Marker filed an amended complaint, which the Court now screens again pursuant to 28 U.S.C. § 1915.

## BACKGROUND

Ms. Marker submitted a FOIA request to Defendant on February 4, 2022, seeking "[a]ll records related to federal or federal guaranteed student loans, including. . . applications and payment histories, all FAFSA's completed in Plaintiff's name, records of all consolidations, records of any Ombudsman disputes and their outcomes." (Dkt. No. 7 ¶ 17.) On August 12, 2022, Plaintiff appealed the absence of response. (*Id.* ¶ 8.) On August 15, 2022, Defendant "acknowledged Plaintiff's appeal to the absence of a response," informed Plaintiff a "tracking number" was assigned to the request" and "that it was made by a representative from the Office of Congressman DeSaulnier." (*Id.* ¶ 9.) Plaintiff does not explain her relationship to Congressman DeSaulnier. She alleges Defendant "sent" the "final response . . . to the representative the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

morning of August 15, 2022," but that it was "unreasonable to not have also sent to Plaintiff the response sent to the representative." (*Id.*) Further, "[e]mails from Plaintiff to the representative requesting the response were not returned." (*Id.*) Plaintiff "was not asked about any preferred format for receiving the request, and did not know to request any preferred format." (*Id.*) Defendant sent Plaintiff a CD-ROM on September 5, 2022. (*Id.*)

Plaintiff again appealed the response on October 11, 2022. (*Id.* ¶ 19.) On October 13, 2022, Defendant "acknowledged the appeal" and again assigned it a tracking number. (*Id.*) On November 5, 2022, Defendant "informed the appeal remained with the originating program office where it was under review." (*Id.*) Defendant informed Plaintiff processing appeals was "backlogged," and that all appeals were being processed "in a first-in/first-out basis." (*Id.*) Plaintiff asked Defendant for an "anticipated response date," but Defendant did not provide an estimated response date. (*Id.*) In January of 2023, the "complete response was received first as a letter attached to an email from Defendant, then through portal download." (*Id.*) However, according to Plaintiff, this response "failed to meet all of the request," and "[w]hile Defendant states nothing was withheld or exempt, no explanation as to why all requested documents were not furnished is provided." (*Id.*) Plaintiff asserts various information was missing, including "applications, comprehensive payment histories," "FAFSA's [Free Applications for Federal Student Aid] completed in Plaintiff's name," "comprehensive records of all consolidations," and "records of any Ombudsman disputes and their outcomes." (*Id.* ¶ 20.)

According to the complaint, "Defendant stated no withholding or exemption applied while providing no explanation as to why all requested documents were not furnished. (Id. ¶ 11.)

Plaintiff brings three counts, all alleging violations of FOIA under 5 U.S.C. § 552: (1) Failure to conduct an adequate search of responsive records, (2) wrongful withholding of non-exempt responsive records, and (3) failure to meet the statutory time limit. (Id.)

## LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court has a continuing duty to screen any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

2

against a defendant who is immune from such relief.

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6).  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  Moreover, "bare assertions" are "not entitled to an assumption of truth" because "they do nothing more than state a legal conclusion." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).  So, to state a claim, Plaintiff's complaint "require[s] well-pleaded facts, not legal conclusions . . . that plausibly give rise to an entitlement to relief." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citations and quotations omitted).

When the complaint has been filed by a plaintiff without the aid of counsel, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**I.     MERTS OF PLAINTIFF'S FOIA CLAIM**

"FOIA requires federal agencies to disclose information to the public upon request." *Aguirre v. United States Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021) (citing 5 U.S.C. § 552(a)(3)(A)).  "When an agency receives such a request, it has twenty working days to decide whether to comply and inform the requestor of its decision." *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(i)).  "A requestor dissatisfied with an agency's response can challenge it in court but must first exhaust available administrative remedies, including an appeal within the agency." *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(i)–(ii), (C)(i)).  Exhaustion is required even if the agency responds late, so long as the agency properly responds before suit is filed. *Id.* at 726.

Interpreting the complaint "liberally," Plaintiff has pled a violation of FOIA.  Plaintiff

3

specifically alleges information that is missing from Defendant's response to her FOIA request. Further, Plaintiff asserts she has exhausted administrative remedies. Plaintiff alleges she twice appealed Defendant's response to her records request and has "exhausted administrative appeal remedy." (Dkt. No. 7 ¶¶ 18-19, 28.) While after the second appeal Defendant "states nothing was withheld or exempt," Plaintiff asserts documents are missing. (*Id.* ¶ 19.)

## CONCLUSION

For the reasons stated above, the Court will allow service of the amended complaint on Defendant. The Clerk of Court SHALL issue the summons. Furthermore, the U.S. Marshal for the Northern District of California SHALL serve, without prepayment of fees, a copy of the amended complaint, any amendments or attachments, and this order upon Defendant. This Order does not foreclose a motion to dismiss the third amended complaint by Defendant.

As Plaintiff is proceeding without representation by a lawyer, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information on the Court's website located at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff may also contact the Legal Help Center for free assistance; she can make an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: January 5, 2024

JACQUELINE SCOTT CORLEY
United States District Judge